IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2011

## ROBERT N. HELTON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bedford County**
**No. 12031      Lee Russell, Judge**

**No. M2010-01591-CCA-R3-PC - Filed June 13, 2011**

The petitioner, Robert N. Helton, appeals the post-conviction court's dismissal of his petition for post-conviction relief from his convictions for theft of property over $10,000, burglary, and vandalism. On appeal, he argues that the post-conviction court erred in dismissing his petition because he received the ineffective assistance of counsel. After review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee (on appeal); and Andrew Jackson Dearing, III, Assistant Public Defender (at hearing), for the appellant, Robert N. Helton.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The petitioner was convicted of theft of property over $10,000, burglary, and vandalism by a Bedford County Circuit Court jury and sentenced to an effective term of twenty-seven years in the Tennessee Department of Correction. This court affirmed his convictions and sentences on direct appeal, and no application for permission to appeal was filed with the Tennessee Supreme Court. See State v. Robert N. Helton, No. M2007-02873-CCA-R3-CD, 2009 WL 4438363 (Tenn. Crim. App. Dec. 2, 2009). The

petitioner's convictions arose out of his breaking onto the farm property and into the barn owned by his former employers and stealing pieces of their farm and recreational equipment, which he then subsequently sold.  Id. at *1-5.

The petitioner filed a *pro se* petition for post-conviction relief in which he alleged, among other things, that he received the ineffective assistance of counsel.  After the appointment of counsel, an amended petition was filed.  The trial court conducted an evidentiary hearing at which the petitioner testified[1] that he retained counsel to represent him.  In preparation for trial, he and counsel met four times for a total of two and a half hours.  He and counsel discussed the possible sentences he faced, with counsel telling him that the worst case scenario was that he could receive "[t]en years at 35 percent."  The petitioner explained that the State had offered him a nine-year sentence at thirty-five percent, so he opted to go to trial because "if I do lose, it's just another year."  He said that he based his decision to go to trial on counsel's advice, and he would not have gone to trial had he known he could be sentenced to twenty-seven years.

Trial counsel, an attorney with almost thirty years of experience primarily in criminal law, testified that he was retained by the petitioner within a week of the petitioner's arrest.  Counsel could not recall exactly how many times he met with the petitioner but estimated that he saw him "at least once a week" for a total of more than twenty hours.  Asked to recall his discussions with the petitioner regarding the potential sentences he faced, counsel said, "He came in.  We went over them.  We calculated them."  Counsel stated that he informed the petitioner that the trial court was known for giving very harsh sentences and that he always informed his clients of the maximum sentence faced if convicted.  He also informed the petitioner that he would be eligible for consecutive sentencing due to his extensive criminal record.  On cross-examination, counsel specifically denied that he told the petitioner the harshest sentence he faced was ten years at thirty-five percent.

At the conclusion of the hearing, the post-conviction court observed that trial counsel's testimony on the issue of the potential sentences the petitioner faced was "entirely credible" and that "it's simply irrational for him to have made that kind of representation . . . [and] I don't find it credible at all that [counsel] would have made that misrepresentation."  Thereafter, in its written dismissal of the petitioner's petition for post-conviction relief, the court found, relevant to the issue on appeal, that trial counsel's testimony was credible that counsel had accurately informed the petitioner of the potential maximum sentenced he faced and that the trial court "imposes stout sentences and frequently has sentences run consecutively where the law allows that."  The court specifically discredited the petitioner's testimony that counsel had advised him that he faced a possible maximum sentence of only

_____

[1] We confine the majority of our recitation of the testimony to that relevant to this appeal.

ten years. The court observed that counsel "is a vastly experienced criminal attorney, with nearly three decades of experience doing primarily criminal work, and it is difficult even to imagine a motive for so grossly underestimating the potential punishment in the [p]etitioner's case."

## ANALYSIS

The petitioner argues on appeal that the post-conviction court erred in dismissing his petition because he received the ineffective assistance of counsel at trial due to counsel's informing him, erroneously, that the maximum sentence he faced was ten years.

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2006). The petitioner bears the burden of proving factual allegations by clear and convincing evidence. Id. § 40-30-110(f). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006). When reviewing factual issues, the appellate court will not reweigh the evidence and will instead defer to the trial court's findings as to the credibility of witnesses or the weight of their testimony. Id.; see Dellinger v. State, 279 S.W.3d 282, 292 (Tenn. 2009). However, review of a trial court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); Burns v. State, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The Strickland standard is a two-prong test:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so

serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The reviewing court must indulge a strong presumption that the conduct of counsel falls within the range of reasonable professional assistance, see Strickland, 466 U.S. at 690, and may not second-guess the tactical and strategic choices made by trial counsel unless those choices were uninformed because of inadequate preparation. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). The prejudice prong of the test is satisfied by showing a reasonable probability, i.e., a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Upon review, we conclude that the petitioner has failed to establish any deficiency in counsel's performance. The petitioner contends that counsel erroneously advised him that the longest sentence he could receive after a trial was ten years. However, counsel explicitly denied giving the petitioner such advice. Asked about his discussions with the petitioner regarding the potential sentences, counsel stated, "He came in. We went over them. We calculated them." Counsel said that he also informed the petitioner that the trial court was known for giving harsh sentences and that the petitioner faced the possibility of receiving consecutive sentences. The post-conviction court specifically accredited counsel's testimony that he did not inform the petitioner that the maximum sentence he faced was ten years, and the court discredited the petitioner's testimony to the contrary. It is well established that appellate courts do not reassess credibility determinations. R.D.S. v. State, 245 S.W.3d 356, 362 (Tenn. 2008) ("Questions surrounding the credibility of witnesses and the 'resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact.'") (quoting State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996)). The petitioner emphasizes that counsel never testified "as to what he told [the petitioner] was the maximum possible sentence," however, we note that counsel was not asked that specific question. The petitioner has failed to prove his claim by clear and convincing evidence and is not entitled to relief.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the post-conviction

court's dismissal of the petition.

_____
ALAN E. GLENN, JUDGE