# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 11, 2013

## CHRISTOPHER LEE PIRTLE v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Davidson County
### No. 2005-D-3036      Monte Watkins, Judge

### No. M2012-00627-CCA-R3-PC - Filed March 6, 2014

The petitioner, Christopher Lee Pirtle, appeals the denial of his petition for post-conviction relief, arguing that the post-conviction court erred in finding that he failed to show that he received ineffective assistance of trial counsel. Following our review, we affirm the judgment of the post-conviction court denying the petition.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ALAN E. GLENN, J., delivered the opinion of the Court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

Ashley Preston, Nashville, Tennessee, for the appellant, Christopher Lee Pirtle.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The petitioner was convicted in 2007 by a Davidson County Criminal Court jury of aggravated robbery, a Class B felony, and was sentenced by the trial court as a Range I offender to ten years at 30% in the Department of Correction. His conviction and sentence were affirmed by this court on direct appeal, and our supreme court denied his application for permission to appeal. State v. Christopher Lee Pirtle, No. M2007-02577-CCA-R3-CD, at *1 (Tenn. Crim. App. Apr. 23, 2009), perm. app. denied (Tenn. Sept. 28, 2009).

Our direct appeal opinion reveals that the petitioner's conviction was based on his

August 2, 2005 use of a gun to steal a woman's vehicle and purse as the victim and her young son were in front of their apartment complex's central mailbox area picking up their mail. Id. Evidence presented against the petitioner at trial included his having been stopped and arrested on August 17, 2005, while driving the victim's vehicle; the fact that several of the victim's compact discs and other belongings were found in the petitioner's residence; store surveillance tapes that showed the petitioner was with several females who used the victim's credit cards at various locations after the robbery; and the fact that the victim made an unequivocal courtroom identification of the petitioner as the perpetrator, testifying that she recognized his eyes and that she had "no doubt" about her identification. Id. at * 2-3.

On March 16, 2010, the petitioner filed a *pro se* petition for post-conviction relief. Following the appointment of post-conviction counsel, he filed two amended petitions in which he raised claims of ineffective assistance of counsel. Specifically, he alleged that his trial counsel provided ineffective assistance by: failing to file appropriate pretrial motions; failing to properly and adequately investigate the facts of the case, including failing "to properly utilize investigative services"; failing to adequately and properly meet with and communicate with the petitioner; failing to fully and adequately advise the petitioner with regards to defense strategy and the pros and cons of accepting a plea agreement; failing to properly voice objections and cross-examine witnesses; and failing to properly raise all issues in the motion for new trial and on direct appeal.

At the evidentiary hearing, the petitioner testified that his mother retained trial counsel to represent him after his arraignment. In the beginning, counsel came to see him in the jail often, bringing copies of discovery and transcripts of the preliminary hearings, which he used to review with him the State's evidence in the case. Counsel, however, never discussed any possible trial defense strategy with him but instead kept trying to convince him to accept a plea bargain offered by the State, despite the fact that he told counsel at each of their meetings that he wanted to go to trial. The petitioner said that counsel told him that there was a good chance he would lose the case if he went to trial. He claimed that counsel did not have any discussions with him about his possible trial testimony until the day of trial, when he advised him not to take the stand because the State could inquire into his similar pending charges. The petitioner said that, had he known that he could not be cross-examined about pending charges, he would have ignored counsel's advice and testified in his own defense. He stated that counsel represented him on his motion for new trial but withdrew before his direct appeal. Counsel discussed with him the issues he was raising in the motion for new trial but did not raise every issue he requested, such as the admission of evidence of the "guns and the bandan[n]as" which did not belong to him. Counsel also failed to raise any objections at trial to the admission of the evidence.

On cross-examination, the petitioner testified that, had he taken the stand, he would have told the jury that his friends brought the stolen items to his house and that he had nothing to do with the crime. He acknowledged that counsel "did good" on his cross-examination of the State's witnesses. He further acknowledged that counsel told him that if he testified, he ran the risk of opening the door for the State to be allowed to introduce evidence of his pending charges in other similar crimes. He said, however, that it was a risk he wanted to take.

Trial counsel, who said he had been licenced to practice law since 2002 and that his practice from 2005 until 2009 or 2010 was comprised of sixty to seventy percent criminal defense, testified that the petitioner had three or four other pending cases, including another aggravated robbery, at the time he represented him on the instant case. He said he met with the petitioner on "a number of occasions" while he was housed at the criminal justice center and that he reviewed with him the State's evidence against him. He agreed that the petitioner expressed his desire to go to trial but that he advised against it, testifying that he "was adamant with [the petitioner]" that he thought there was a strong likelihood that he would be convicted at trial. For that reason, he encouraged the petitioner to accept the State's plea offer.

Trial counsel testified that, although he could not recall the specifics, he was confident he discussed the pros and cons of testifying with the petitioner not just on the day of trial but also well before the day of trial because he "would need to know that in planning" his defense strategy and "would not leave that until the day of trial." He said he advised the petitioner not to testify, informing him that he ran the risk of incriminating himself in his pending cases and of opening the door to the introduction of evidence of those other cases. He explained:

> And I think what I would [have] expressed to [the petitioner] was that, I thought his . . . likelihood of conviction, in this [case,] was high.
>
> I think, perhaps, the other cases – without specific recollection –were, maybe, not quite as strong as this one. If there was [a] reason for him to get on the stand and potentially open the door and make statements that would further incriminate himself in those cases, thereby leading to, possibly, a significant amount of additional time, which could run concurrent or consecutive, but could greatly increase the amount of time he was facing in the Department of Correction[].

Trial counsel testified that he raised in the motion for new trial all the issues that he believed held any merit. He said he considered, but opted against, filing a motion in limine

to exclude evidence of the bandannas and guns because he did not believe his likelihood of success was high. He stated that he chose not to object to the introduction of the evidence during the course of the trial because he thought he would be overruled and he did not want to "make a bigger issue" of it in front of the jury.

On cross-examination, trial counsel estimated that he met with the petitioner five to seven times before the trial. He said that he reviewed with the petitioner the range of punishment he faced if convicted at trial and that he was still trying, on the morning of trial, to convince the petitioner to accept the State's eight-year offer. He testified that when he asked the petitioner for any information he could provide to help in his defense, he told him to talk to a witness named "Brandi" and that he had gotten the victim's car from a "junkie named Fly." The petitioner, however, was unable to provide any more information about "Fly," and when counsel talked to "Brandi," he learned that the testimony she could provide would not have been helpful to the petitioner.

On February 1, 2012, the post-conviction court entered an order denying the petition on the basis that the petitioner failed to show that he received ineffective assistance of trial counsel. This appeal followed.

## ANALYSIS

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2012). The petitioner bears the burden of proving factual allegations by clear and convincing evidence. Id. § 40-30-110(f). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006). When reviewing factual issues, the appellate court will not reweigh the evidence and will instead defer to the post-conviction court's findings as to the credibility of witnesses or the weight of their testimony. Id. However, review of a post-conviction court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S.

668, 687(1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The reviewing court must indulge a strong presumption that the conduct of counsel falls within the range of reasonable professional assistance, see Strickland, 466 U.S. at 690, and may not second-guess the tactical and strategic choices made by trial counsel unless those choices were uninformed because of inadequate preparation. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). The prejudice prong of the test is satisfied by showing a reasonable probability, i.e., a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

On appeal, the petitioner argues that counsel was deficient in his representation, thereby prejudicing the outcome of his case by, among other things, failing to adequately meet with him, failing to investigate or prepare for the case, and failing to discuss or plan any trial defense strategy. In support, the petitioner cites his own testimony about trial counsel's alleged shortcomings, along with counsel's admission that he continued to advise the petitioner, up until the morning of trial, to accept the State's plea bargain.

In its order denying relief, the post-conviction court found that the petitioner's testimony was not credible and concluded that the petitioner had not met his burden of demonstrating that counsel was deficient or that he was prejudiced by any of counsel's alleged deficiencies in representation. We conclude that the record fully supports the findings and conclusions of the post-conviction court. Trial counsel explained that he investigated the case to the best of his ability given the limited information that the petitioner was able to provide. He also explained why he continued to advise the petitioner, up until

the last moment, to accept the State's plea bargain offer. The petitioner himself acknowledged that trial counsel met with him "often," at least in the beginning, that counsel provided him with copies of discovery and preliminary hearing transcripts, that counsel reviewed the evidence against him, and that counsel did a good job in his cross-examination of witnesses. The petitioner has simply not shown that counsel was in any way deficient in his representation.

## **CONCLUSION**

Based on our review, we conclude that the petitioner has failed to meet his burden of showing that he was denied the effective assistance of trial counsel. Accordingly, we affirm the judgment of the post-conviction court denying the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE