IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 28, 2020 Session

## MARK LIPTON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Sevier County**
**No. CR-15118-II    James L. Gass, Judge**

_____

**No. E2019-01037-CCA-R3-PC**
_____

Petitioner was convicted of aggravated assault by a Sevier County jury.  Subsequently, Petitioner filed a direct appeal.  This Court affirmed the judgments of the trial court. *State v. Mark Lipton*, No. E2012-02197-CCA-R3-CD, 2014 WL 4365969, at *16 (Tenn. Crim. App. Sept. 14, 2014), *perm. app. denied* (Tenn. Jan. 15, 2015).  Petitioner timely filed a petition for post-conviction relief on January 12, 2016.  On February 2, 2017, Petitioner filed a petition seeking relief under the Post-Conviction DNA Analysis Act of 2001.  The same day Petitioner filed the petition for DNA analysis, he filed an amended post-conviction petition.  Petitioner filed two additional amended post-conviction petitions.  In the final amended petition, Petitioner abandoned arguments in his prior petitions and argued that he received ineffective assistance of counsel because trial counsel (1) failed to file a motion to disqualify the District Attorney; (2) failed file a change of venue motion; (3) failed to request specific Tennessee Rule of Evidence 404(b) findings of fact; and (4) erred by calling a particular trial witness.  The post-conviction court summarily dismissed the petition for DNA analysis and the Tennessee Rule of Evidence 404(b) issue in the petition for post-conviction relief.  The post-conviction petition denied relief on the remaining issues.  After a reviewing the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and J. ROSS DYER, J., joined.

Samantha A. McCammon, Sevierville, Tennessee, for the appellant, Mark Lipton.

Herbert H. Slatery III, Attorney General and Reporter; Cody N. Brandon, Assistant Attorney General; Jimmy B. Dunn, District Attorney General; and George C. Ioannides, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Facts and Procedural History*

The evidence at trial showed that Petitioner confronted the victim, Henry Sutton, following an incident between Petitioner and Mr. Sutton's grandson. Petitioner displayed a gun and threatened to kill Mr. Sutton. Mr. Sutton was hit in the head with the butt of the gun causing him to fear for his life. After both sides presented their evidence, a jury convicted Petitioner of aggravated assault. Petitioner was sentenced to five-years' incarceration, which was suspended to supervised probation. Petitioner filed a notice of appeal from his conviction. *Mark Lipton*, 2014 WL 4365969, at *1-6.

While his direct appeal was pending, Petitioner filed a petition for writ of error coram nobis in the trial court. The trial court denied the petition. Petitioner then filed a notice of appeal on the denial of his corm nobis petition and asked this Court to consolidate his appeals. This Court affirmed the judgments of the trial court holding (1) the evidence was sufficient to support Petitioner's conviction; (2) the trial court did not err in admitting character evidence under Tenn. R. Evid. 404(b); and (3) the trial court properly denied coram nobis relief. *Id*. at *16.

On January 12, 2016, Petitioner timely filed a pro se petition for post-conviction relief. On February 2, 2017, after Petitioner was appointed counsel, he filed an amended petition for post-conviction relief and a petition seeking relief under the Post-Conviction DNA Analysis Act of 2001. Petitioner amended his petition for post-conviction relief again on October 23, 2017 and again on October 2, 2018. The pro se petition for post-conviction relief itself was not verified under oath, nor were the three amended petitions. In his final amended petition, Petitioner abandoned the claims in his prior petitions and argued that he received ineffective assistance of counsel.

During the February 20, 2019 post-conviction hearing, the post-conviction court summarily dismissed the DNA analysis claim and the Tenn. R. Evid. 404(b) claim. The post-conviction court allowed the hearing to proceed as to the ineffective assistance of counsel claims.

Petitioner testified that he retained Herb Moncier and his firm for his defense. Trial counsel, David Wigler, an associate at Mr. Moncier's firm, took over the case, and worked closely on the case with Petitioner for a couple of years. Petitioner thought trial counsel was generally ineffective because he lacked the criminal trial experience

necessary to win the case. Petitioner did not fire trial counsel and did not ask the trial court to appoint new counsel because he thought he would win his case.

Petitioner believed the Assistant District Attorney ("ADA") who prosecuted his case had a vendetta against him because Petitioner had filed a complaint with the Board of Professional Responsibility ("BPR") against the ADA for backing out of an oral agreement to enter a nolle prosequi. The agreement, as alleged by Petitioner, was that the ADA would further investigate the victim's statement, and if the statement was found to be false, the ADA would nolle prosequi the charges against Petitioner. The ADA went ahead with the prosecution to the surprise of Petitioner. Petitioner claimed that trial counsel was surprised as well. The BPR complaint, although pending during the trial, was dismissed without any hearings. Petitioner believed that the ADA should have believed his version of events instead of the victim's. Petitioner believed that the ADA was biased against him. Petitioner believed he was prejudiced because the ADA's investigator stated in a letter that Petitioner was not a credible witness. Petitioner admitted that no comment about his credibility was made in front of the jury. Petitioner mentioned these concerns to trial counsel.

Petitioner discussed the possibility of changing the venue with trial counsel. Petitioner believed that he would not be treated fairly because of a previous traffic stop that put Petitioner at odds with the Sevier County Sheriff. He claimed that trial counsel discussed involving the media, and suggested that trial counsel initiated the media attention when Petitioner went to trial counsel's office to discuss a civil action against the victim. Petitioner conceded that a jury was seated in his case, but felt that supporters of the sheriff could have lied and snuck on to the jury. Petitioner admitted that he had no knowledge of any juror being biased against him. Petitioner did not prepare a transcript of the jury voir dire, and he could not recall any specific questions to potential jurors.

Petitioner could not recall if he and trial counsel discussed calling Natasha Arwood as a trial witness or not. When asked if calling Ms. Arwood as a witness was prejudicial to him, Petitioner responded "without recollecting as to what she testified to – I mean, her testimony could have either been … something that either helped or hurt me…." "I'm sure the record would reflect whether she was helpful or not."

Trial counsel testified that he had twenty-years of criminal experience when he tried Petitioner's case. Trial counsel had no hesitation because it was within his range of expertise, although it was his first jury trial as lead counsel. Trial counsel spent months preparing for trial, including meetings with Petitioner and witnesses.

Petitioner communicated to trial counsel that he had been previously employed by the sheriff's office and was terminated. Petitioner believed that he had been fired for

refusing to "fix" or cover-up a DUI. Trial counsel was aware that Petitioner believed this case was a conspiracy to punish him for his prior difficulties with the sheriff. Trial counsel felt that Petitioner wanted to make this case about the sheriff's previous misconduct but trial counsel saw no relevance between the case and a vendetta of the sheriff. Trial counsel was successful in excluding Petitioner's past employment by the sheriff from the jury.

Trial counsel was aware that Petitioner had filed a BPR complaint against the ADA. He did not participate in the complaint nor direct Petitioner to file it. Trial counsel could not find any ground on which to disqualify the ADA. Trial counsel knew that Petitioner had brought up the possibility of State's witnesses lying about the case. The State investigated the allegation and declined to dismiss the case after the investigation. Trial counsel did not recall any evidence of bias from the ADA, and he thought ADA made a very favorable plea offer to Petitioner before the trial.

Trial counsel stated that Petitioner initiated press coverage of his case. Trial counsel questioned each potential juror for the knowledge about the case that they may have received from press coverage. Trial counsel made an extensive chart to aid in jury selection and carefully worded questions to exclude possible biased jurors. Trial counsel had no issue with finding a suitable jury and would have stricken a potential juror if Petitioner requested. Trial counsel did not file a motion to change the venue because he was familiar with the standards for changing venue, and did not think it would be granted. He also took in to account the small amount of publicity that Petitioner had generated about the case.

Trial counsel called Ms. Arwood as a witness because she "had some very helpful testimony, and I certainly would have discussed [calling her] before make the decision." Ms. Arwood was the only witness that could discredit one of the State's other witnesses. Trial counsel also called Ms. Arwood because she could corroborate an important part of Petitioner's testimony. Trial counsel would not have called Ms. Arwood as a witness over the objection of Petitioner.

The post-conviction court found "that the petition for post-conviction relief fails in its claim to establish ineffective assistance of counsel" and denied the petition. It is from that denial that Petitioner now appeals.

*Analysis*

On appeal, Petitioner argues that he received ineffective assistance of counsel because trial counsel (1) failed to file a motion to disqualify the District Attorney; (2) failed file a change of venue motion; (3) violated the employment agreement and lacked

criminal trial experience; (4) failed to file a motion to suppress the unconstitutional seizure of property; and (5) failed to file a motion to dismiss for undue delay. Petitioner further argues that the post-conviction court erred by summarily dismissing Petitioner's petition for post-conviction DNA analysis. Finally, Petitioner argues that the trial court erred by summarily dismissing issues identified in Petitioner's initial pro se petition when subsequent petitions were not verified under oath and that the only valid petition is the pro se petition. The State argues that trial counsel acted with professional competence and did not prejudice Petitioner's case. The State also argues that issues that do not appear in the third amended petition are waived. The State argues that any claims regarding the petition for post-conviction DNA analysis are beyond this Court's jurisdiction. The State finally argues that Petitioner cannot challenge the verification of his petition for the first time on appeal. We agree with the State.

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, a post-conviction court's findings of fact are conclusive unless the evidence preponderates otherwise. *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). Accordingly, questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court, and an appellate court may not substitute its own inferences for those drawn by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*I. Pro Se Petition*

Petitioner argues that because the amended petition for post-conviction relief was not verified under oath this Court should only look to the original pro se petition. The State argues that Petitioner cannot challenge the verification of his petition for the first time on appeal. We agree with the State.

Tennessee Code Annotated section 40-30-104(d) states that "[t]he petitioner shall include all claims know to the petitioner for granting post-conviction relief and shall verify under oath that all claims are included." Here, when Petitioner filed his initial pro

se petition, the petition was not verified under oath. The only item verified by oath was the indigency affidavit accompanying the petition. Subsequently, the post-conviction court appointed counsel for Petitioner, and the petition was amended three times, by two different attorneys. None of the amended petitions were verified by oath. Despite this procedural lapse, the case proceeded without any party pointing out the error. Additionally, Petitioner testified under oath at the evidentiary hearing, thereby curing the defect and attesting to the veracity of the claims in his petition. *See Sexton v. State*, 151 S.W.3d 525, 530; *see also State v. William James Watt*, No. M2015-02411-CCA-R3-PC, 2016 WL 6638856, at \*4 (Tenn. Crim. App. Sept. 13, 2016), *perm. app. denied* (Tenn. Feb. 16, 2017). However, because the final amended petition states that "[c]ounsel for Petitioner hereby withdraws all other claims previously averred in the original and amended petitions," we will consider the merits of Petitioner's claims as it relates only to the final amended petition. *See* T.C.A. § 40-30-106(g); *see also Dennis Evans v. State*, No. W2017-01619-CCA-R3-PC, 2018 WL 4961490, at \*10 (Tenn. Crim. App. Oct. 14, 2018), *no perm. app. filed*.

## II. Ineffective Assistance of Counsel

Both the Sixth Amendment to the Constitution of the United States and article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. *See Davidson v. State*, 453 S.W.3d 386, 392-93 (Tenn. 2014). In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the same standard for determining ineffective assistance of counsel applied in federal cases also applies in Tennessee). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997). "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance," *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. The question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694).

## A. Disqualify the District Attorney's Office

Petitioner argues that trial counsel was ineffective because he did not file a motion to disqualify the district attorney's office. The State argues that trial counsel's decision was reasonable and did not prejudice Petitioner.

However, Petitioner cites to only one law review article in his brief and cites to no further legal authority. In failing to do so, Petitioner has waived all of his issues. *See* Tenn. R. Ct. Crim. App. 10(b); *State v. Bonds*, 502 S.W.3d 118, 144 (Tenn. Crim. App. 2016). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. Of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2016). Notwithstanding procedural waiver of this issue for noncompliance with the Rules of this Court, we elect to address the issue on its merits.

In deciding whether a district attorney's office should be disqualified our supreme court has stated:

> In determining whether to disqualify a prosecutor in a criminal case, the trial court must determine whether there is an actual conflict of interest, which includes any circumstances in which an attorney cannot exercise his or her independent professional judgment free of "compromising interests and loyalties." *See* Tenn. R. Sup.Ct. 8, EC 5–1. If there is no actual conflict of interest, the court must nonetheless consider whether conduct has created an appearance of impropriety. *See* Tenn. R. Sup.Ct. 8, EC 9–1, 9–6.

> If disqualification is required under either theory, the trial court must also determine whether the conflict of interest or appearance of impropriety

requires disqualification of the entire District Attorney General's office. *See State v. Tate*, 925 S.W.2d 548, 550 (Tenn.Crim.App.1995). The determination of whether to disqualify the office of the District Attorney General in a criminal case rests within the discretion of the trial court. Appellate review of such a ruling is limited to whether the trial court has abused its discretion. *See id*. at 550.

*State v. Culbreath*, 30 S.W.3d 309, 312-313 (Tenn. 2000). "The appearance of impropriety must be real, reflect an objective public perception rather than the subjective and anxious perceptions of the litigants, and reflect the views of a layperson with a knowledge of all the facts." *State v. Jarquese Antonio Askew*, No. M2014-01400-CCA-R3-CD, 2015 WL 9489549, at *5 (Tenn. Crim. App. Dec 29, 2015), *perm. app. denied* (Tenn. May 6, 2016).

In order to show prejudice, Petitioner "must demonstrate a reasonable probability that, had the motion been filed, the outcome of the proceeding would have been different." *Arthur Lee Jamison v. State*, No. M2017-01551-CCA-R3-PC, 2018 WL 5013859, at *6 (Tenn. Crim. App. Oct. 16, 2018), *no perm. app. filed*. Here, Petitioner has failed to show by clear and convincing evidence that a reasonable probability that trial counsel's failure to file the motion affected the outcome of the proceedings. The post-conviction court stated that "[trial counsel] did not feel that any issues justified the pursuit of disqualification . . . and therefore, did not file a motion seeking the same." The post-conviction court found that there "was no basis for trial counsel to have filed a motion to recuse the District Attorney. . . . It is well within trial counsel's authority to refrain from seeking recusal if he did not professionally fee that anything could be gained or that said disqualification was justified." The record does not preponderate against the findings of the post-conviction court. Petitioner is not entitled to relief.

## B. Change of Venue

Petitioner argues that trial counsel was ineffective because he did not file a motion to change the venue. The State argues that trial counsel's decision was reasonable and did not result in a biased jury.

Petitioner fails to cite any legal authority to support his argument. *See* Tenn. R. Ct. Crim. App. 10(b); *Bonds*, 502 S.W.3d at 144; *Sneed*, 301 S.W.3d at 615. Accordingly, the issue is waived. Petitioner is not entitled to relief.

## C. Violation of Employment Agreement / Lack of Trial Experience

Petitioner argues that because his original attorney, Herb Moncier, was suspended, trial counsel took his case over in violation of the employment agreement. Petitioner also argues that trial counsel lacked the criminal trial experience necessary. The State argues that the issues are waived because Petitioner raises them for the first time on appeal.

All claims must be included in the petition for post-conviction relief. T.C.A. § 40-30-104(d). Here, Petitioner's third amended petition does not aver that trial counsel lacked experience or that trial counsel was in violation of an employment agreement. Further, Petitioner fails to cite any legal authority to support his argument. *See* Tenn. R. Ct. Crim. App. 10(b); *Bonds*, 502 S.W.3d at 144; *Sneed*, 301 S.W.3d at 615. Accordingly, these issues are waived. Petitioner is not entitled to relief.

## D. *Validity of the Warrant*

Petitioner argues that the validity of the warrant sworn out by a private affiant was in violation of Tennessee Code Annotated section 40-6-205, and "at a minimum this issue should have been raised by [trial] counsel pre-trial. The State argues that the issue is waived.

As previously stated, all claims must be included in the petition for post-conviction relief. T.C.A. § 40-30-104(d). Further, Petitioner fails to cite any legal authority to support his argument. *See* Tenn. R. Ct. Crim. App. 10(b); *Bonds*, 502 S.W.3d at 144; *Sneed*, 301 S.W.3d at 615. Accordingly, this issue is waived. Petitioner is not entitled to relief.

## E. *Undue Delay*

Petitioner argues that trial counsel provided ineffective assistance of counsel by failing to move for dismissal due to undue delay. The State argues that the issue is waived because Petitioner raises it for the first time on appeal. We agree with the State.

Again, Petitioner fails to cite any legal authority in support of his argument, nor did Petitioner include the issue in his petition for post-conviction relief. *See* Tenn. R. Ct. Crim. App. 10(b); *Bonds*, 502 S.W.3d at 144; *Sneed*, 301 S.W.3d at 615. *See also* T.C.A. § 40-30-104(d). Accordingly, the issue is waived. Petitioner is not entitled to relief.

## III. *Post-Conviction Petition for DNA Analysis*

Petitioner argues that the post-conviction court abused its discretion when it found that exculpatory DNA test results would not have rendered it "reasonably probable" that Petitioner would not have been prosecuted or convicted. In the alternative, Petitioner

argues the post-conviction court erred by incorporating the petition for post-conviction DNA analysis into the final amended petition for post-conviction relief. The State argues that any claims related to the post-conviction DNA analysis are beyond this Court's jurisdiction. We agree with the State.

A petitioner may appeal from a final judgment in a post-conviction proceeding by filing a notice of appeal and shall designate the judgment from which relief is sought. *See* Tenn. R. App. P. 3(b), (f). Here, Petitioner specially referred to the post-conviction court's May 14, 2019 order dismissing the petition for post-conviction relief. That order does not contain the post-conviction court's ruling on the DNA analysis. Therefore, the issue is not properly before this Court.

*Conclusion*

For the foregoing reasons, the judgments of the post-conviction court are affirmed.

_____
TIMOTHY L. EASTER, JUDGE