IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 7, 2021

**JEREMY JONES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
No. 13-02332     **Glenn Ivy Wright, Judge**

————————————————————————

**No. W2020-01743-CCA-R3-PC**

————————————————————————

Jeremy Jones, Petitioner, was convicted of attempted first degree murder, aggravated assault, employing a firearm during the commission of a dangerous felony, and being a convicted felon in possession of a firearm. His convictions were affirmed on appeal. *State v. Jeremy Jones*, No. W2015-01528-CCQA-R3-CD, 2016 WL 7654954 (Tenn. Crim. App. Sept. 26, 2016), *perm. app. denied* (Tenn. Jan. 20, 2017). Petitioner sought post-conviction relief on various grounds, including ineffective assistance of counsel based on trial counsel's lack of communication and trial strategy. After a hearing, the post-conviction court denied relief and dismissed the petition. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT H. MONTGOMERY, JR., JJ., joined.

Patrick Stegall, Memphis, Tennessee, for the appellant, Jeremy Jones.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

After being convicted of attempted first degree murder, aggravated assault, employing a firearm during a dangerous felony, and being a convicted felon in possession of a firearm, Petitioner appealed. *See Jeremy Jones*, 2016 WL 7654954, at *1. This Court

affirmed Petitioner's convictions but remanded for entry of a corrected judgment form in Count 3 to "check the box indicating that [Petitioner] was found guilty in that count." *Id.*

Subsequently, Petitioner filed a timely pro se petition for post-conviction relief, in which he alleged that he received ineffective assistance of counsel at trial and on appeal and that the trial court committed plain error by allowing the conviction for employing a firearm during the commission of a dangerous felony in Count 3 to stand. Specifically, Petitioner argued that trial counsel was ineffective for failing to object to the accuracy of the sentence in Count 3, that appellate counsel was ineffective because he conceded Petitioner's guilt on the conviction for aggravated assault, and that appellate counsel was ineffective for failing to prepare a record that would allow him to challenge the impartiality of the jury. The post-conviction court appointed post-conviction counsel to represent Petitioner and an amended petition was filed. In the amended petition, Petitioner again alleged that trial counsel failed to create an adequate record to challenge the impartiality of the jury. Post-conviction counsel filed a second amended petition for post-conviction relief, this time arguing that trial counsel failed to file certain motions prior to trial, failed to implement a trial strategy, and failed to communicate with Petitioner.

The post-conviction court held a hearing. At the hearing, trial counsel testified that he had been in practice for 20 years, with approximately 40% of his practice devoted to criminal defense. Trial counsel had tried "[p]robably over 50" felony cases prior to Petitioner's trial. Trial counsel recalled that Petitioner was indicted after an incident that started with a "beef between [Petitioner] and another guy . . . [who] had been selling drugs in the cut." There was an altercation and Petitioner shot someone. Trial counsel recalled that a witness saw Petitioner with the gun walk casually away from the scene.

Trial counsel explained that he was not the first attorney involved in the case. He recalled that an attorney was initially appointed to represent Petitioner. This attorney filed a number of routine motions. Then, Petitioner's family and friends hired trial counsel. Trial counsel worked with an investigator and another attorney in preparation for the trial.

Trial counsel described his relationship with Petitioner as "good." Trial counsel met with and consulted Petitioner prior to trial. Petitioner was in custody at the time. Trial counsel thought that there was an offer from the State that "may have been 15 years." However, trial counsel recalled that Petitioner would not take the offer. Trial counsel explained that he could "only advise" Petitioner because "[u]ltimately it was his decision" to take the plea or go to trial. Trial counsel and the investigator "begged" Petitioner to take the offer, but trial counsel recalled that Petitioner wanted an offer the State was not going to give him. Trial counsel also recalled that Petitioner was concerned about losing "his appeal rights" if he pled guilty.

When asked whether he filed motions on behalf of Petitioner, trial counsel explained that he filed "standard motions" in almost every case and that prior to the time he started representing Petitioner, another attorney filed several motions. Trial counsel recalled that Petitioner "was trying to get [trial counsel] to file some jailhouse motions." Trial counsel explained that he was not going to waste his time filing the motions Petitioner wanted him to file because all relevant motions had already been filed.

Trial counsel explained that this was not a case about "who done it;" it was "pretty obvious." Trial counsel disagreed that he conceded to the jury that Petitioner was guilty of a lesser included offense. Trial counsel explained that he thought it would be "malpractice" if he did not address the lesser included offenses in the closing argument. Trial counsel recalled talking about trial strategy with Petitioner and explained that when trial counsel saw from the proof "how bad the case was going" he "did what [he] thought was necessary in order to try to minimize or mitigate" the charges by addressing lesser included offenses in the closing argument.

Trial counsel did not recall if there was any basis to object to the State's request for an enhancement based on Petitioner's status as a convicted felon. Trial counsel remembered that there was a decision made at trial to stipulate to the prior felony offense so that the facts of that case would not be presented to the jury. In trial counsel's opinion, stipulating to the prior felony would serve to reduce prejudice by the jury against Petitioner.

Petitioner testified that he received a 25-year sentence after a jury trial. Petitioner claimed that he wrote trial counsel asking him to file several motions prior to trial but that trial counsel did not respond. Petitioner alleged that trial counsel "never did come to see [him] in county jail period." Petitioner claimed that he saw trial counsel "[m]aybe like six month[s] - - five months" prior to trial and that trial counsel "never" came to see him.

Petitioner complained that trial counsel ignored his requests. He "wrote [trial counsel] like two or three letters" to get him to file motions to identify State witnesses, continue the trial, find out the State's intent to use evidence under Rule 16, and get a witness to make a statement under oath prior to trial. Petitioner insisted that trial counsel did not follow through with his requests.

Petitioner testified that prior to trial he "signed for a 15-year sentence" that was at "30 percent." However, the prosecutor "announced that [he] wasn't eligible for the 15 that was at 30 percent" so Petitioner chose to go to trial. He felt "pressure" to accept the "15 at 85" percent but wanted to do more "research" because he insisted that he was eligible for a sentence to be served at 30 percent.

- 3 -

Petitioner testified that he was not aware that the State was trying to enhance his sentence because of his status as a convicted felon. Petitioner testified that he learned about the enhancement at sentencing.

Petitioner testified that, at one point before or during trial, he submitted a pro se motion that he read aloud in the courtroom. According to Petitioner, the trial court did not rule on the motion. Petitioner was also concerned that his convictions for aggravated assault, criminal attempt first degree murder, and the employment of a firearm resulted in a double jeopardy violation.

After hearing the proof, the post-conviction court denied relief. In a written order, the post-conviction court determined that Petitioner's claim that the trial court committed plain error by allowing Petitioner to be convicted of employing a firearm during the commission of a dangerous felony had been previously determined on appeal and was not proper for post-conviction relief.

Next, the post-conviction court determined that Petitioner was not prejudiced because trial counsel failed to object to his conviction of employment of a firearm during the commission of a dangerous felony. The post-conviction court noted that Petitioner admitted that he had a prior felony. Moreover, the post-conviction court determined that Petitioner was not prejudiced by trial counsel's failure to challenge the conviction based on double jeopardy grounds because the conviction did not violate principles of double jeopardy.

The post-conviction court further determined that it was a reasonable trial strategy for trial counsel to attempt to mitigate "the damaging evidence presented at trial" by arguing that Petitioner committed the aggravated assault but did not commit the attempted first degree murder. The post-conviction court also declined to find ineffective assistance on the basis that trial counsel failed to file all the motions requested by Petitioner. The post-conviction court noted that trial counsel filed all motions deemed "necessary" and that Petitioner failed to show prejudice by counsel's failure to file motions.

With respect to appellate counsel, the post-conviction court determined that Petitioner "failed to present facts that show he was prejudiced" by counsel's failure to present an accurate and complete record of the jury proceedings. Moreover, the post-conviction court noted that Petitioner failed to address this issue at the hearing.

Petitioner filed a timely notice of appeal.

*Analysis*

- 4 -

On appeal, Petitioner complains that there were "inconsistencies between trial counsel's and [Petitioner's] testimonies" with respect to the 15-year offer, trial strategy, and communication with trial counsel.[1] As a result of the discrepancies in the testimony presented at the post-conviction hearing, Petitioner insists that the facts presented at the post-conviction hearing indicated that he received ineffective assistance of counsel. The State disagrees, noting that Petitioner failed to raise any issue related to a potential plea agreement in a petition for post-conviction relief and, in any event, Petitioner failed to allege a deficiency in trial counsel's performance that would entitle him to relief. Concerning trial communication and strategy, the State contends that Petitioner failed to show deficient representation or prejudice based on trial counsel's actions.

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, a post-conviction court's findings of fact are conclusive unless the evidence preponderates otherwise. *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). Accordingly, questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court, and an appellate court may not substitute its inferences for those drawn by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

Both the Sixth Amendment to the Constitution of the United States and article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. *See Davidson v. State*, 453 S.W.3d 386, 392-93 (Tenn. 2014). In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two-prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must

---

[1] Petitioner raised other issues in his petitions for post-conviction relief and at the hearing that he does not raise on appeal. Those issues are abandoned. *See Ronnie Jackson, Jr. v. State*, No. W2008-02280-CCA-R3-PC, 2009 WL 3430151, at *6 n.2 (Tenn. Crim. App. Oct. 26, 2009) ("While the Petitioner raised additional issues in his petition for post-conviction relief, he has abandoned those issues on appeal."), *perm. app. denied* (Tenn. Apr. 16, 2010).

prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the same standard for determining ineffective assistance of counsel applied in federal cases also applies in Tennessee). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997). "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). This Court will not use hindsight to second-guess a reasonable trial strategy, even if a different procedure or strategy might have produced a different result. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. The question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694).

First, we agree with the State that Petitioner did not raise the issue regarding the alleged 15-year plea agreement in a petition for post-conviction relief or amended petition for relief and that the post-conviction court did not address this issue in the order denying post-conviction relief. However, the issue was discussed at the hearing.

> "'[I]ssues not addressed in the post-conviction court will generally not be addressed on appeal.'" *Lane v. State*, 316 S.W.3d 555, 561-62 (Tenn. 2010) (quoting *Walsh v. State*, 166 S.W.3d 641, 645-46 (Tenn. 2005)).

Furthermore, this Court has held that "the plain error rule, which would otherwise permit an appellate court to address the issue sua sponte, may not be applied in post-conviction proceedings to grounds that would otherwise be deemed waived or previously determined." *Grindstaff* [*v. State*], 297 S.W.3d [208,] 219 [Tenn. 2009] (citing [*State v. *]*West*, 19 S.W.3d [753,] 756-57 [(Tenn. 2000)]). Tennessee appellate courts may only consider issues that were not formally raised in the post-conviction petition if the issue was argued at the post-conviction hearing *and* decided by the post-conviction court without objection. *See* [*Joshua R.*] *Starner v. State*, No. M2018-01015-CCA-R3-PC, 2019 WL 3856852, at *13 (Tenn. Crim. App. Aug. 16, 2019) (holding that an issue was "reviewable on the merits" because the petitioner argued it during the post-conviction hearing with no objections)[, *no perm. app. filed*]; [*Stanley*] *Williams v. State*, No. W2018-01269-CCA-R3-PC, 2019 WL 2407157, at *11 (Tenn. Crim. App. June 7, 2019) (interpreting Tennessee Supreme Court Rule 28, section 8(D)(5) to hold that an issue may not be waived if it was "raised at the post-conviction hearing and ruled on by the post-conviction court" without objection because the petitioner would not have been aware of the need to amend the petition to include the issue), *perm. app. denied*, (Tenn. Oct. 11, 2019); [*George Washington*] *Matthews v. State*, No. W2018-00966-CCA-R3-PC, 2019 WL 1110101, at *9 (Tenn. Crim. App. Mar. 11, 2019) (considering an issue on the merits that was not specifically mentioned in the post-conviction petition, though alleged generally, because it was litigated at the post-conviction hearing without objection)[, *perm. app. denied* (Tenn. July 17, 2019)]; [*Kenneth*] *Brown v. State*, No. W2017-01755-CCA-R3-PC, 2019 WL 931735, at * 10 (Tenn. Crim. App. Feb. 22, 2019) (considering an issue not included in petition but argued at the post-conviction hearing without objection)[, *perm. app. denied* (Tenn. July 25, 2019)]; [*Marlon*] *Yarboro v. State*, No. W2017-00125-CCA-R3-PC, 2018 WL 4441364, at *7 (Tenn. Crim. App. Sept. 17, 2018) (deciding an issue not presented in the petition because it was argued at the post-conviction hearing and not objected to by opposing counsel and petitioner was no longer able amend the petition)[, *no perm. app. filed*]; [*State v. Lester D.*] *Herron*, [No. 03C019109-CR-00284,] 1992 WL 43273, at *4 [Tenn. Crim. App. Mar. 10, 1992)] ("On the other hand, if an issue is not specially pled, we do not view [our case law] as prohibiting a trial court from ruling on it if it is litigated by the parties in a post-conviction hearing without objection.")[, *perm. app. denied* (Tenn. Oct. 26, 1992)].

*Holland v. State*, 610 S.W.3d 450, 458 (Tenn. 2020) (emphasis added). This issue is waived. Even though the issue was discussed at the post-conviction hearing and the State

failed to object, the issue was not raised in a petition for post-conviction relief, and the post-conviction court did not rule on it.

With regard to Petitioner's complaint that trial counsel was ineffective for failing to properly communicate or implement a trial strategy, trial counsel testified at the hearing that the evidence of Petitioner's guilt was pretty "damaging." Trial counsel recalled talking with Petitioner about the importance of mitigating the damages of how the case was going by addressing the lesser included offenses in the closing argument. The post-conviction court determined that it was a "reasonable trial strategy" to attempt to mitigate the charge of attempted first degree murder. Petitioner has failed to show either that trial counsel's representation was deficient or that he was prejudiced by trial counsel's strategy. We will not second-guess counsel's reasonable trial strategy. *See Adkins*, 911 S.W.2d at 347; *Williams*, 599 S.W.2d at 279-80. Petitioner is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE