# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

MONTRO TAYLOR, )
)
    Petitioner, )  C. C. A. NO. 02C01-9703-CR-00114
)
vs. )  SHELBY COUNTY
)
STATE OF TENNESSEE, )  No. P-17976
)
    Respondent. )

**FILED**

**August 15, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

<u>O R D E R</u>

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals. In 1976, the petitioner and a co-defendant were convicted of murder in the perpetration of a robbery, as well as the underlying robbery. On appeal, the Supreme Court affirmed the felony murder convictions but reversed the robbery convictions because of double jeopardy considerations. <u>Briggs v. State</u>, 573 S.W.2d 157 (Tenn. 1978). The sentence for each murder conviction remained at one hundred ninety-nine (199) years.

Subsequently, on January 27, 1997, the petitioner filed this, his first, petition for post-conviction relief challenging the propriety of his sentence for the felony murder. The trial court dismissed the petition without appointment of counsel or an evidentiary hearing upon a finding that the petition was barred by the one-year statute of limitation. We agree.

Pursuant to T.C.A. § 40-30-202(a), a petitioner must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment became final. The Compiler's Notes to T.C.A. § 40-30-201 state that the 1995 Post-Conviction Act governs all petitions for post-conviction relief filed after May 10, 1995. Moreover, the Compiler's Notes indicate that any person

having ground for relief recognized under this part shall have at least one year from May 10, 1995, to file a petition or a motion to reopen a petition under this part.

Under T.C.A. § 40-30-202(b), a court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitation unless (1) the claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized at the time of trial, if retrospective application of that right is required, (2) the claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted, or (3) the claim in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid.

In the present case, the petitioner filed his petition for post-conviction relief on January 27, 1997. Accordingly, the petition is governed by the 1995 Post-Conviction Act, and the petition was filed outside the statute of limitation set forth in T.C.A. § 40-30-202(a). Moreover, the petitioner has failed to show that any of his claims fall within one of the exceptions set forth in T.C.A. § 40-30-202(b).

It is, therefore, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Rules of the Court of Criminal Appeals, is granted, and the judgment of the trial court is affirmed.

Enter, this the ___ day of August, 1997.

_____
DAVID G. HAYES, JUDGE


_____

2

JOE B. JONES, PRESIDING JUDGE


_____
PAUL G. SUMMERS, JUDGE

3