IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2023

## DONALD GWIN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 15-00010    Jennifer Mitchell, Judge**

_____

### No. W2022-01704-CCA-R3-PC

_____

The Petitioner, Donald Gwin, appeals from the Shelby County Criminal Court's denial of his petition for post-conviction relief from his jury-trial convictions for aggravated rape, aggravated robbery, aggravated burglary, and aggravated assault, for which he is serving an effective thirty-five-year sentence. On appeal, he contends that the post-conviction court erred in denying relief on his ineffective assistance of counsel claims. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and J. ROSS DYER, J., joined.

W. Price Rudolph, Memphis, Tennessee, for the appellant, Donald Gwin.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; Steve Mulroy, District Attorney General; Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner's convictions relate to his entering the victim's home while she was away and physically and sexually assaulting her when she returned. The Petitioner was identified as the victim's attacker by DNA evidence, a location-tracking ankle monitor he wore at the time, and the victim's in-court identification of him. The trial court ruled that the Petitioner's prior sexual assault would be admissible pursuant to Tennessee Rule of Evidence 404(b) if the Petitioner opened the door to its admissibility by offering a consent defense. The Petitioner elected not to testify and argued on appeal that the court's ruling essentially foreclosed his opportunity to testify in his defense. The jury found him guilty of the charged offenses; this court affirmed the Petitioner's convictions; and the supreme court denied his application for permission to appeal. *See State v. Donald Gwin*, No.

W2016-01783-CCA-R3-CD, 2017 WL 2192085, at *1-4 (Tenn. Crim. App. May 17, 2017), *perm. app. denied* (Tenn. Sept. 22, 2017).

The Petitioner filed a timely pro se petition for post-conviction relief. Counsel was appointed and filed an amended petition. The petition and amended petition alleged that the Petitioner received the ineffective assistance of trial counsel in the conviction proceedings. As relevant to this appeal, the Petitioner alleged that counsel had been ineffective in failing to (1) argue that the sexual assault had, in fact, been a consensual encounter, (2) adequately review discovery and anticipate that a police officer would testify that he was employed by the Memphis Sexual Offender Registry, and (3) advise the Petitioner that he should strongly consider testifying. The Petitioner also alleged that he was entitled to relief for the ineffective assistance of counsel because he had been prejudiced by the cumulative effect of trial counsel's multiple instances of deficient performance.

At the post-conviction hearing, trial counsel testified that he met with the Petitioner several times and that he provided the Petitioner with the discovery materials. Counsel said his investigator also met with the Petitioner.

Trial counsel testified that the State filed a motion pursuant to Tennessee Rule of Evidence 404(b) seeking admission of a prior sexual assault, for which the Petitioner was on probation. The State sought to introduce this evidence to show the Petitioner's identity as the perpetrator of the crimes on trial, should the Petitioner elect to present a consent defense.

Trial counsel testified that the victim stated in her trial testimony that she did not know the Petitioner and had never seen him before the incident. Counsel acknowledged that a police report he received in the discovery process stated the victim had said that "the suspect was known to her." The police report was received as an exhibit. In pertinent part, it states, "Sex Crime Investigator Sgt. Lee . . . was on the scene and advised that victim . . . had been assaulted insider her home by a suspect known to her." Counsel said he had not cross-examined Sergeant Anthony Lee, the officer to whom the report stated the victim had made this alleged statement, about the statement. Counsel explained that Detective Pickering had prepared the report and that it involved "multiple hearsay." Counsel said that the victim consistently reported to the police and at the trial that she had been attacked by a stranger. He said his overriding concern was that evidence the victim knew the Petitioner might suggest a consent defense, which would open the door to admissibility of evidence of the Petitioner's prior sexual assault. In his opinion, admission of the prior sexual assault evidence "would have been all but a guaranteed conviction." He said the victim from the prior sexual assault "was present and ready to testify."

-2-

Trial counsel agreed that the Petitioner had claimed to have had text message communications with the victim before the incident. Counsel said his investigators were unable to find any records to support the Petitioner's assertion when they reviewed cell phone records associated with the Petitioner's name. Counsel was unsure whether information about a white cell phone had been in the discovery materials.

Trial counsel testified that he did not investigate the Petitioner's report of having an encounter with the victim's father, a Memphis police officer, after the Petitioner's arrest. Counsel said he did not think this was relevant to the case, particularly given the evidence.

Trial counsel did not recall the first plea offer the State made but said the Petitioner "was pretty consistent that he was not interested in any offers" and "consistently wanted to try to fight the case." Counsel said he advised the Petitioner that the Rule 404(b) motion regarding the prior sexual assault would be "extremely important" to the Petitioner's decision-making process. Counsel said that he called the prosecutor on the Sunday before the trial and that she extended an eight-year offer. Counsel said he went to the jail that day and spoke with the Petitioner, who declined the offer. Counsel said, "I told him we didn't have much of a defense in the case." Counsel noted that the State's evidence included identification of the Petitioner's DNA, GPS monitoring information about the Petitioner's location at the time of the crimes, and the victim's identification of the Petitioner from a photograph lineup.

Trial counsel testified that, in view of the facts of the case, the only viable defense theory was to argue reasonable doubt. Counsel said he had been willing to "allude to consent without ever trying to make that clear out of concern for [the trial court's] ruling [on the Rule 404(b) issue]." Counsel said he commented in his closing argument that the victim's demeanor at the trial was not consistent with that of a sexual assault victim.

Trial counsel testified that he and the Petitioner discussed several times whether the Petitioner would testify. Counsel said the Petitioner wanted to testify that he and the victim, whom he said he knew, had a consensual sexual encounter. Counsel said he advised the Petitioner of a "small chance" of prevailing by arguing reasonable doubt but that introduction of the prior sexual assault evidence would "almost certainly" result in a conviction. Counsel advised the Petitioner that the Petitioner had the right to choose whether to testify.

Trial counsel testified that he moved for a mistrial when Memphis Police Sergeant Dorning testified that he worked for the Sexual Offender Registry (SOR) Unit. Counsel said the court denied the motion but offered to give a curative instruction, which counsel declined because he did not know how many of the jurors "picked up on it" and did not want to call additional attention to the evidence. Counsel said Sergeant Dorning's SOR Unit "was not spelled out to" him before the trial and that he did not think "it dawned on"

him until the trial. He acknowledged that if this information were in the discovery materials, he would have read it. When shown a document which referred to "SOR Sergeant Doring," he acknowledged the document had been with the discovery materials. Counsel agreed that Sergeant Doring testified at the trial that he was currently assigned to the SOR Unit and that Sergeant Doring did not testify that the Petitioner was being monitored by the unit. Counsel agreed that the State did not offer evidence about the reason the Petitioner was being tracked with an ankle monitor at the time of the crimes. Counsel said no basis existed for exclusion of evidence that the Petitioner wore an ankle monitor at the time of the crimes because the evidence showed that during the incident, the Petitioner pointed to the ankle monitor made reference to the police.

Trial counsel testified that he raised the Rule 404(b) issue in the motion for a new trial and on appeal. He said he also raised an issue in the motion for a new trial regarding a news report about the previous sexual assault victim. Counsel said the trial court denied the motion on the news report issue based upon the trial court's previous voir dire questioning of the prospective jurors. Counsel said that, in order to preserve the issue for appellate review, he had made an offer of proof at the trial consisting of the Petitioner's testimony about having had consensual sex with the victim.

Trial counsel testified that the Petitioner never expressed doubts about the Petitioner's ability to obtain a fair trial in the trial judge's court. Counsel said the Petitioner never complained of the judge making "statements toward [the Petitioner] or being angry at him previously."

The Petitioner testified that he became dissatisfied with his original attorney and that the Petitioner filed a lawsuit against the attorney after the trial judge refused to appoint new counsel. The Petitioner testified that trial counsel began representing him shortly before the State's Tennessee Rule of Evidence 404(b) motion. The Petitioner said counsel explained Rule 404(b) to him and told him that if the court permitted the prior sexual assault evidence to be admissible, there "would be no way [counsel] could put [the Petitioner] on the stand because it would be overly prejudicial." The Petitioner said he told counsel repeatedly that the Petitioner did not foresee a favorable verdict for the defense unless the Petitioner testified. He said he told counsel that he wanted to testify, despite any ensuing prejudice. The Petitioner said that counsel visited him "a few" times "because [of] how the [Rule 404(b)] hearing went" but that they did not discuss trial strategy. The Petitioner said he told counsel that if he could not "speak consent that's got to deal with aggravated rape" and that they had the remaining charges to "defend against." The Petitioner said that he wanted to testify about his having known the victim and having been an invited guest in her home and that "it's not all about consent." The Petitioner stated that he had argued with the victim, who took his cell phones, that he grabbed her purse when she would not return his cell phones, and that a physical altercation ensued, in which he choked the victim.

-4-

The Petitioner testified that although he maintained his desire to testify, trial counsel tried to convince him otherwise. The Petitioner acknowledged that counsel advised him of his right to testify and that counsel said the prior sexual assault evidence would be admissible if the Petitioner testified.

The Petitioner testified that he told trial counsel that after the Petitioner had asked for his first attorney to be removed from the case, the Petitioner thought the trial judge "was kind of mad at" him. The Petitioner said that he asked counsel to have the case "moved to a different courtroom" but that counsel would not do this because counsel could not predict who the new judge might be.

The Petitioner testified that he met with the defense investigator. The Petitioner said that he asked the investigator "numerous times" to speak with a friend who had picked up the Petitioner from the victim's home "in one instance" but that the investigator always said he had been unable to contact the friend.

Regarding defense strategy, the Petitioner testified that trial counsel said he was going to "allow all the evidence to get in" and argue that the State had not proven its case beyond a reasonable doubt. The Petitioner said that after the victim testified that a cell phone recovered as evidence was not hers, he told counsel to impeach the victim about whether she owned the cell phone. The Petitioner claimed the victim had lied because the cell phone contained text messages between the Petitioner and her. The Petitioner said counsel did not impeach the victim on this point. The Petitioner said counsel did not conduct long cross-examinations of any of the State's witnesses.

The Petitioner acknowledged that the victim's personal property had been recovered from his car or his person. He said he had wanted to explain to the jury why he took the victim's belongings and choked her.

After being shown various documents, Memphis Police Sergeant Anthony Lee testified that he spoke with the victim on the night of the incident and that she had stated she did not know her attacker. He said that when he showed the victim a photograph lineup, she identified the Petitioner as the perpetrator. He said Officer Pickering's report which attributed a statement to Sergeant Lee "about the victim and the suspect" bore a time stamp that was later than the time recorded on the photograph lineup from when the victim identified the Petitioner.

After receiving the evidence, the post-conviction court denied relief in a written order. This appeal followed.

The Defendant contends that the trial court erred in denying relief on his ineffective assistance of counsel claims. The State contends that the court did not err in denying relief. We agree with the State.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2018). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2018). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed ones based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

# I

## Failure to Present Consensual Sex Defense

The Petitioner contends that, despite a defense based upon the victim's alleged consent to sexual activity with the Petitioner being "the only reasonable or sound legal strategy" for trial counsel to have pursued at the trial, counsel was ineffective in failing to pursue this defense. The Petitioner "acknowledges the hazard he would face based on the trial court's [Tennessee Rule of Evidence] 404(b) ruling," but he nevertheless argues that counsel's decision merely to "allude to consent was not a reasonable or viable defense theory."

In denying relief on this basis, the post-conviction court found that the Petitioner "presented no evidence that trial counsel's failure to argue consent was a result of lack of preparation and not a strategic choice." The court noted counsel's testimony that he decided, based upon the trial court's Rule 404(b) ruling, to avoid a consent defense and to, instead, merely allude to consent in order to avoid "opening the door" to evidence of the prior sexual assault. The court noted that it would not second-guess counsel's strategic decisions.

Trial counsel's testimony at the post-conviction hearing showed that he did not want to do anything to trigger admissibility of the evidence of the Petitioner's prior sexual assault of another victim. In counsel's view, evidence of the prior sexual assault would be highly prejudicial. The hearing evidence showed that the prior victim was present at the trial and prepared to testify in the event consent was raised as a defense. The Petitioner and trial counsel both testified at the hearing that counsel advised the Petitioner against testifying and that the Petitioner made the decision not to testify. At the hearing, the Petitioner said he disagreed with trial counsel's choice of strategy because the Petitioner thought his testimony would have been useful to establish a defense to the aggravated robbery, aggravated burglary, and aggravated assault charges. Counsel testified at the hearing that he investigated the Petitioner's claim that he had exchanged text messages with the victim before the offenses, but in counsel's investigation, the cell phone records did not corroborate the Petitioner's account. The record supports the post-conviction court's determination that counsel made a strategic decision not to present a consent defense. The record demonstrates that the decision was an informed one and based upon adequate preparation. *See Cooper*, 847 S.W.2d at 528. The court did not err in declining to second-guess counsel's strategy. *See Adkins*, 911 S.W.2d at 347; *see also Pylant*, 263 S.W.3d at 874. The evidence does not preponderate against the court's findings, and its findings support its conclusions. The Petitioner is not entitled to relief on this basis.

## II

### Failure to Review Discovery and to Anticipate Sergeant Dorning's Testimony

The Petitioner contends that trial counsel was ineffective in failing to review discovery in order to anticipate that Sergeant Dorning would testify about his employment in the SOR Unit. The Petitioner argues that this evidence was unfairly prejudicial when it was admitted at the trial.

The post-conviction court found that trial counsel performed deficiently in failing to anticipate Sergeant Lee's testimony but that the Petitioner failed to prove he was prejudiced by counsel's inaction. The court noted that, at the time of Sergeant Dorning's trial testimony, the jury had already heard the victim's testimony that the Petitioner (1) had told her that if she reported the rape, he would return to her home to kill her boyfriend and children, (2) had told her that he had served time in prison, and (3) had showed her his ankle monitor. The court concluded that, in view of this evidence, the Petitioner failed to establish that the result of the proceeding would have been different in the absence of Sergeant Dorning's identification of the SOR Unit as his assignment.

Upon review, we conclude that the evidence does not preponderate against the post-conviction court's determinations. *See Henley*, 960 S.W.2d at 578; *see also Fields*, 40 S.W.3d at 456-57. Trial counsel acknowledged that he likely had not recognized in advance of the trial that Sergeant Dorning was assigned to the SOR Unit, despite having received discovery documents which included a reference to "SOR Sergeant Dorning." Counsel testified that he moved for a mistrial when Sergeant Dorning testified about his job assignment and that he declined the trial court's offer of a curative instruction in order to avoid emphasis on the evidence. Counsel said that, although the State offered trial evidence that the Petitioner wore an ankle monitor, no evidence was offered which showed that the Petitioner was being monitored by the SOR Unit. *See Donald Gwin*, 2017 WL 2192085, at *5 (noting that Sergeant Dorning did not testify about any connection between the Petitioner's monitoring and the SOR Unit). Again, the State's evidence was overwhelming. The court's findings support its conclusion that the Petitioner was not prejudiced by counsel's deficient performance. The Petitioner is not entitled to relief on this basis.

## III

### Failure to Advise Regarding the Defendant's Testifying at the Trial

The Petitioner contends that the post-conviction court erred in denying relief on his claim that trial counsel was ineffective in failing to advise the Petitioner adequately about the pros and cons of testifying at the trial and in failing to advise him to testify. The

Petitioner argues that counsel never advised him of the advantages of testifying and that a reasonable probability exists that the jury would have acquitted him of all of the charged offenses except aggravated assault after having heard his testimony that he and the victim had consensual sex and that he choked her after an argument.

In denying relief on this claim, the post-conviction court found that trial counsel made an informed, strategic decision to advise the Petitioner not to testify after the Petitioner told counsel the substance of his proposed testimony. The court found that counsel advised the Petitioner of his right to testify and explained to the Petitioner that it would be dangerous for him to do so because it could open the door to evidence of the prior sexual assault that counsel had worked to have excluded.

Upon review, we conclude that the evidence does not preponderate against the post-conviction court's determinations. *See Henley*, 960 S.W.2d at 578; *see also Fields*, 40 S.W.3d at 456-57. The post-conviction evidence demonstrated that trial counsel was concerned about the strength of the State's evidence, which would have only been amplified by evidence of the Petitioner's prior sexual assault of another victim. The evidence of the prior sexual assault, for which the Petitioner had a conviction, would have undermined any advantage the Petitioner theorizes might exist if the jury had heard his testimony about a consensual sexual encounter. Counsel's investigation showed that no evidence existed to corroborate the Petitioner's claim of text message exchanges between the Petitioner and the victim before the crimes. The evidence does not preponderate against the post-conviction court's findings, and its findings support its conclusions. The Petitioner is not entitled to relief on this basis.

## IV

### Cumulative Deficiencies of Performance

In his final issue, the Petitioner contends that even if none of his individual claims of deficient performance require relief, their cumulative effect resulted in prejudice to him in the conviction proceedings.

In the context of a trial proceeding, the cumulative error doctrine requires relief when "multiple errors [are] committed in the trial proceedings, each of which in isolation constitutes mere harmless error, but which when aggregated, have a cumulative effect on the proceedings so great as to require reversal in order to preserve a defendant's right to a fair trial." *State v. Hester*, 324 S.W.3d 1, 76-77 (Tenn. 2010) (internal citations omitted); *see State v. Jordan*, 325 S.W.3d 1, 79 (Tenn. 2010) ("'[T]he combination of multiple errors may necessitate . . . reversal . . . even if individual errors do not require relief.'") (quoting *State v. Cribbs*, 967 S.W.2d 773, 789 (Tenn. 1998)).

In contrast, in a post-conviction case, "when an attorney has made a series of errors that prevents the proper presentation of a defense, it is appropriate to consider the cumulative impact of the errors in assessing prejudice" of an ineffective assistance of counsel allegation. *Timothy Terell McKinney v. State*, No. W2006-02132-CCA-R3-PD, 2010 WL 796939, at \*37 (Tenn. Crim. App. Mar. 9, 2010), *perm. app. denied* (Tenn. Aug. 25, 2010); *see State v. Taylor*, 968 S.W.2d 900 (Tenn. Crim. App. 1997). More than one instance of deficient performance, when considered collectively, can result in a sufficient showing of prejudice pursuant to *Strickland*. *Timothy Terell McKinney*, 2010 WL 796939, at \*37; *see Taylor*, 968 S.W.2d at 909. The question is whether counsel's deficiencies "cumulatively prejudiced . . . the right to a fair proceeding and undermined confidence in the outcome of the trial." *Timothy Terell McKinney*, 2010 WL 796939, at \*37. Counsel's failure to conduct adequate pretrial preparation and investigation may establish prejudice pursuant to *Strickland*. *Id.*

The post-conviction court found that trial counsel performed deficiently in a single instance: by failing to anticipate Sergeant Dorning's testimony about his assignment to the SOR Unit. In our analysis, we have concluded that the evidence does not preponderate against the post-conviction court's findings and that its findings support its conclusions as to all of the individual allegations of ineffective assistance of counsel. Because the Petitioner proved but a single instance of deficient performance, there are not multiple deficiencies of performance to support relief on a claim of prejudice accruing from the cumulative effect of multiple deficiencies. The Petitioner is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

-10-