IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 12, 2023

**TERRANCE LAWRENCE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2017-B-1168     Jennifer L. Smith, Judge**

_____

**No. M2023-00471-CCA-R3-PC**
_____

The Petitioner, Terrance Lawrence, appeals from the Davidson County Criminal Court's denial of his petition for post-conviction relief from his convictions for especially aggravated kidnapping, aggravated assault, domestic assault, driving while his license was suspended, and possession of a firearm after having been convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon, for which he is serving an effective sixty-year sentence. On appeal, he contends that the post-conviction court erred in denying relief based upon his ineffective assistance of counsel allegations. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

Gerald S. Green, Memphis, Tennessee, for the appellant, Terrance Lawrence.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Glenn R. Funk, District Attorney General; Doug Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner's convictions relate to a January 18, 2017 incident in which he kidnapped his former girlfriend from a parking lot at gunpoint, forced her into his car, and threatened to kill her. The victim was able to escape after falsely assuring him that they would rekindle their relationship. *State v. Terrance Lawrence*, No. M2020-00630-CCA-R3-CD, 2021 WL 1116408, at *1-2 (Tenn. Crim. App. Mar. 24, 2021). On appeal, he alleged that (1) the trial court erred in limiting his cross-examination of the victim and a detective, (2) the court erred in excluding his testimony about his mental health issues,

which he claimed were relevant to show his diminished capacity regarding intent to commit the offenses, (3) the court erred in denying a mistrial after the court limited cross-examination of the victim and a detective and the Petitioner became dissatisfied with defense counsel's cross-examination of these witnesses during the State's case-in-chief, and (4) he was entitled to relief based upon the cumulative effect of the trial errors. *Id.* at *4. This court affirmed. *Id.* at *8.

With the assistance of counsel, the Petitioner filed a petition for post-conviction relief based upon the ineffective assistance of counsel and newly discovered evidence claims. The petition failed to state factual particulars for the claims, contrary to the requirements of Tennessee Code Annotated section 40-30-104(e) that the petition "shall include allegations of fact supporting each claim for relief set forth in the petition." The petition also was not verified, despite the requirement of section 40-30-104(e) that a petition for post-conviction relief "shall be verified under oath." Upon orders of the court to cure the defects, the Petitioner cured the defect in verification and later filed an amended petition which alleged that he had received the ineffective assistance of counsel "in a number of ways to be presented at the hearing." The only factual particulars alleged in the amended petition were that trial counsel failed to prepare and present "witnesses" to impeach the victim. The amended petition alleged that the witnesses, who were not identified, had signed affidavits regarding the testimony they would have given if they had been called as trial witnesses. The amended petition did not state that the affidavits were attached and did not contain detailed information regarding the newly discovered evidence allegation.

At the post-conviction hearing, trial counsel testified that, based upon the Petitioner's apparent depression and suicidal ideations, a mental health evaluation of the Petitioner was ordered. Counsel said, however, that the evaluation did not result in findings which called into question the Petitioner's competency for trial or his legal insanity at the time of the offenses. Counsel said the trial court granted the State's motion to exclude evidence of the Petitioner's "emotional distress." Counsel stated, however, that the Petitioner was permitted to testify about his depression and "emotional things . . . he was suffering from" but did not think the Petitioner was permitted to testify about a mental health diagnosis.

Trial counsel testified that his investigator attempted but was unable to make contact with a woman who had been in the car with the victim at the time the Petitioner accosted her. Counsel did not recall any prospective defense witnesses who wanted to testify about the Petitioner's state of mind at the time of the offenses. Counsel recalled evidence of a prior incident of the Petitioner's having been "some sort of a jealous boyfriend" at a skating party in another state for which "there may have been some witnesses to contradict that story" but said he viewed this as a "sort of a collateral issue."

Trial counsel testified that the incident was captured on a video recording and that the recording supported a finding of guilt for each of the charged offenses except the driving offense. Counsel said he saw no legal basis to move for suppression of the recording.

Trial counsel testified that the State made a fifteen-year, Range II plea offer, which he and the Petitioner discussed on the morning of the trial, and which the Petitioner rejected.

The Petitioner's cousin testified that he was present at the trial and that he questioned trial counsel about why no defense witnesses were present. The Petitioner's cousin said counsel responded that "they were more focused on the kidnapping." The Petitioner's cousin said, however, that "in opening statement everything was based around what transpired . . . at the skate party." The Petitioner's cousin said counsel stated that he had been unable to contact the woman who had been in the car with the victim at the time the Petitioner abducted the victim. The Petitioner's cousin said he told counsel about a telephone call he received from the victim on the date of the offenses, in which she stated that she had been kidnapped and that the Petitioner had said he wanted to kill himself. The Petitioner's cousin said the victim did not sound distressed in the call. The Petitioner's cousin said that the Petitioner lived with him after the incident until the Petitioner's arrest and that the Petitioner had been under a psychiatrist's care before the incident.

The Petitioner testified that he rejected the fifteen-year plea offer because he was awaiting the results of the mental evaluation. He reasoned that if he "had a temporary insanity defense" he would have no need to accept a plea offer. He said he did not receive the evaluation results until after the trial. He said that he had received an earlier offer involving probation and that he did not understand why the offer increased to fifteen years. He said that if he had known that he faced a possible sixty-year sentence and had known that he did not have a factual basis for a mental health defense, he would have accepted the fifteen-year offer.

Trial counsel was recalled and testified that he and a prosecutor discussed a long community corrections sentence involving placement in a halfway house to address the Petitioner's mental health concerns but that "the State kind of got cold feet" and retracted the offer. Counsel said that the State then extended the fifteen-year offer and that counsel advised the Petitioner he faced a sentence of up to sixty years. Counsel said he "begged" the Petitioner to accept the fifteen-year offer in the face of the much greater sentencing exposure the Petitioner faced if he were convicted at a trial.

Regarding the Petitioner's complaint that he did not receive the results of the mental evaluation until after the trial, trial counsel explained that a one-page letter containing the doctor's general findings addressing diagnosis, competency, and legal insanity was sent

before the trial. Counsel said he obtained a more detailed report after the trial for use at the sentencing hearing. Counsel said he would have shared information in the initial report with the Petitioner before the trial but doubted he would have provided the Petitioner with a copy of the one-page letter.

At the conclusion of the proof, post-conviction counsel argued that the cumulative effect of the "question about the mental capacity [of the Petitioner] at the time of the offense and also with the possibility of testimony after – behavior after the offense by the victim" necessitated post-conviction relief. Counsel also argued that the Petitioner's knowledge of the results of the mental evaluation at the time the Petitioner considered and rejected the plea offer "would have changed things greatly." Counsel made no argument regarding the newly discovered evidence claim alleged in the petition.

In its written order denying relief, the post-conviction court found that the Petitioner failed to prove that trial counsel performed deficiently in investigating and calling defense witnesses. The court credited counsel's testimony regarding his approach to and preparation of the case. The court found that the Petitioner had failed to prove prejudice from counsel's alleged shortcomings in this regard because the Petitioner failed to call the woman who had been in the car with the victim as a post-conviction witness.

The post-conviction court found that had trial counsel attempted to call the Petitioner's cousin to testify at the trial about the telephone call from the victim on the day of the crimes, the evidence would have been excluded as hearsay. The court found that the evidence was not material to the defense in light of the video evidence demonstrating the Petitioner's guilt.

The post-conviction court credited trial counsel's testimony that he shared the results of the mental evaluation with the Petitioner and that counsel kept the Petitioner updated on the status of plea bargaining and the fifteen-year offer. The court credited counsel's testimony that he "begged" the Petitioner to accept the fifteen-year offer.

The post-conviction court noted the absence of proof regarding the newly discovered evidence claim.

Because the post-conviction court concluded that the Petitioner had failed to prove his claims, it denied relief. This appeal followed.

The Petitioner's sole issue on appeal is whether the post-conviction court erred in "failing to view the cumulative effect of Petitioner's claims as a constructive denial of the right of counsel" which requires post-conviction relief. The State counters that the Petitioner has waived appellate consideration because he failed to make an adequate argument in his brief and that, in any event, the post-conviction court did not err in denying

relief. We acknowledge the inadequacy of the Petitioner's brief, elect to address the issue raised in the interests of justice, and affirm the post-conviction court's denial of relief.

Tennessee Rule of Appellate Procedure 27(a)(7) requires that an appellant's brief contain:

> An argument, which may be preceded by a summary of argument, setting forth:
>
> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

In his brief, the Petitioner has recited principles of law and has quoted from the post-conviction court's order, but he has made no argument applying the law to the facts of the case. Likewise, he has not explained why he contends that the record does not support the court's findings and that the court's findings do not support its conclusions. Rule 10 of this court's rules states, "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. R. Ct. Crim. App. 10(b). We note that the Court of Appeals recently determined, in a case involving the same attorney who serves as post-conviction counsel in this case, that the appellants' issues were waived for failure to file a brief which complied with the relevant rules. *See Janice Deloach v. Sahara Daycare Center, Inc.*, 2023 WL 8433798 (Tenn. Ct. App. Dec. 5, 2023) (dismissing the appeal and awarding the appellee's attorney's fees for defending against a frivolous appeal).

We note that the Petitioner's petition and amended petition were deficient in that they failed to allege all of the factual bases upon which the Petitioner sought relief. *See* T.C.A. § 40-30-104(e) (2018). We are dismayed by post-conviction's counsel's disregard for the pleading requirements of the post-conviction statute and for the requirements of the Rules of Appellate Procedure regarding adequate briefs. Although the rules of this court permit us to waive consideration of the issue raised on appeal, we elect in this case to address the issue in the interests of justice. In so doing, we are mindful that the Petitioner is serving a sixty-year sentence and has alleged, albeit in an inartful post-conviction petition, that he received the ineffective assistance of trial counsel in the conviction proceedings. We caution post-conviction counsel that compliance with the relevant statutes and rules regarding practice in the courts of this state is expected. Disregard of

such statutory and rule-based requirements places counsel in a precarious position regarding the willingness of the courts to continue to tolerate noncompliance.

With that said, we turn to the merits of the appeal. Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2018). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2018). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed ones based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The Petitioner contends that he is entitled to relief based upon the cumulative effect of counsel's multiple deficiencies of performance. As he notes, the post-conviction court did not specifically address this issue in its order denying relief. In our view, the court cannot be faulted for failing to do so in view of the Petitioner's failure to raise it in the petition or amended petition. Moreover, for reasons that we will explain, the Petitioner was not entitled to relief.

In the context of a trial proceeding, the cumulative error doctrine requires relief when "multiple errors [are] committed in the trial proceedings, each of which in isolation constitutes mere harmless error, but which when aggregated, have a cumulative effect on the proceedings so great as to require reversal in order to preserve a defendant's right to a fair trial." *State v. Hester*, 324 S.W.3d 1, 76-77 (Tenn. 2010) (internal citations omitted); *see State v. Jordan*, 325 S.W.3d 1, 79 (Tenn. 2010) ("'[T]he combination of multiple errors may necessitate . . . reversal . . . even if individual errors do not require relief.'") (quoting *State v. Cribbs*, 967 S.W.2d 773, 789 (Tenn. 1998)).

In contrast, in a post-conviction case, "when an attorney has made a series of errors that prevents the proper presentation of a defense, it is appropriate to consider the cumulative impact of the errors in assessing prejudice" of an ineffective assistance of counsel allegation. *Timothy Terell McKinney v. State*, No. W2006-02132-CCA-R3-PD, 2010 WL 796939, at *37 (Tenn. Crim. App. Mar. 9, 2010), *perm. app. denied* (Tenn. Aug. 25, 2010); *see State v. Taylor*, 968 S.W.2d 900 (Tenn. Crim. App. 1997). More than one instance of deficient performance, when considered collectively, can result in a sufficient showing of prejudice pursuant to *Strickland*. *Timothy Terell McKinney*, 2010 WL 796939, at *37; *see Taylor*, 968 S.W.2d at 909. The question is whether counsel's deficiencies "cumulatively prejudiced . . . the right to a fair proceeding and undermined confidence in the outcome of the trial." *Timothy Terell McKinney*, 2010 WL 796939, at *37. Counsel's failure to conduct adequate pretrial preparation and investigation may establish prejudice pursuant to *Strickland*. *Id.*

The post-conviction court's order reflects its findings that the Petitioner failed to prove that trial counsel performed deficiently as alleged in the petition. The court credited the testimony of counsel regarding the potential defense witnesses who were not called to testify at the trial and in the advice given related to the fifteen-year plea offer. Without findings of multiple deficiencies in counsel's performance, no basis exists to support a finding that the Petitioner was prejudiced by such multiple deficiencies. The court did not err in denying post-conviction relief.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE